# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ROBERT JEFFREY BURLING, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-10-0175-HE |
| MIKE ADDISON, Warden, | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Robert Jeffrey Burling, a state prisoner represented by retained counsel, filed this action under 28 U.S.C. § 2254 seeking habeas relief from his state court convictions. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach.

Petitioner is serving a thirty-six year sentence for twelve counts of sexual abuse of a child. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions on appeal and also affirmed the trial court's denial of petitioner's application for post-conviction relief. Petitioner asserted the same ten grounds for relief in his federal habeas petition that were raised either on direct appeal or in his application for post-conviction relief.[1] The magistrate judge, applying the deferential AEDPA[2] standard of review to the OCCA's decisions, has recommended that the petition be denied. Petitioner has filed an objection to the Report and Recommendation, challenging the magistrate judge's findings and

---

[1] In its order affirming the denial of petitioner's application for post-conviction relief the OCCA addressed the merits of his claims of ineffective assistance of appellate counsel.

[2] Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1).

conclusions as to all but two of the ten grounds for relief.[3] The court has conducted a de novo review of petitioner's claims and agrees with the magistrate judge that the petition should be denied.

With respect to ground one of the petition, the court agrees with the magistrate judge that petitioner is not entitled to habeas relief on the basis that two witnesses, Guy Bramble and Kathleen Hatlelid, and the prosecutor impermissibly vouched for the victim's credibility. The OCCA's determination that the challenged testimony was properly admitted and the prosecutor's closing argument was appropriate was not contrary to or an unreasonable application of federal law.[4] The OCCA also reasonably determined that petitioner was not denied a fundamentally fair trial by the trial court's evidentiary rulings regarding the victim's

---

[3]*Petitioner does not object to the magistrate judge's conclusions regarding ground three (claimed error based on the asserted vagueness of the information) and ground four (claimed error based on the trial court's failure to instruct the jury regarding restrictions on parole eligibility ). See United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996 (failing to object to a magistrate judge's report and recommendation waives plaintiff's right to appellate review of those factual and legal issues).*

[4]*The court does not adopt the reasoning in the Report and Recommendation to the effect that the OCCA's determination that Bramble and Hatlelid's testimony was properly admitted under the Oklahoma Evidence Code is a binding interpretation of a state statute that negates the necessity of considering whether there was a due process violation. Statements such as "the OCCA's decision of Oklahoma law is binding on a federal court," Taylor v. Parker, 276 Fed.Appx. 772, 774 (10th Cir. 2008) (unpublished) have generally been in cases involving strict statutory interpretations. For example, in Taylor the binding decision was the OCCA's conclusion that a crime was a general intent crime. In Chapman v. LeMaster, 302 F.3d 1189, 1196 (10th Cir. 2002), the state court was interpreting a state felony murder statute. The OCCA's decision at issue in this case involves a consideration of the evidence in conjunction with the construction of a state statute. Regardless, the court agrees with the magistrate judge that petitioner is not entitled to habeas relief on ground one. The OCCA's decision was a reasonable application of federal law. Petitioner has not demonstrated that the challenged testimony, considered individually or cumulatively, violated the general due process standard outlined by the Supreme Court in Lisenba v. California, 314 U.S. 219, 236 (1941).*

2

testimony concerning certain sexually explicit text messages and her persistent vomiting, or its decision to admit the testimony of Deborah Holloway, the hospital counselor (ground two).[5]

Petitioner's remaining grounds for relief are based on alleged ineffectiveness of appellate counsel and cumulative error. The court agrees with the magistrate judge's analysis and conclusion that the OCCA's rejection of petitioner's Strickland[6] claims was a reasonable application of Supreme Court precedents.[7] Citing petitioner's failure to substantiate his assertions of deficient counsel, the OCCA found he had not established that, but for appellate counsel's failure to raise on direct appeal the inadequate performance of trial counsel, the outcome of the trial would have been different. Finally, because of petitioner's failure to establish any error, the OCCA reasonably concluded there was no arguable basis for a finding of cumulative error.

For substantially the same reasons as set forth by the magistrate judge the court

---

[5]*The court agrees with the magistrate judge's ultimate determination that petitioner has not shown a basis for habeas relief in ground two, but not on the basis stated in the report. While state court interpretations of state law are generally binding in habeas proceedings, it does not follow that the OCCA's decision that certain testimony is admissible under Oklahoma law necessarily means that the "remarks cannot have resulted in fundamental unfairness." Report and Recommendation, p. 18. See supra note 4.*

[6]*Strickland v. Washington, 466 U.S. 668 (1984).*

[7]*Petitioner erroneously argues that the "AEDPA's deferential standard of review does not apply to the state court's conclusions concerning his post-conviction claims of ineffective assistance of appellate counsel." Objection, p. 2. See Newton v. Dinwiddie, 342 Fed. Appx. 421, 423 (10th Cir. 2009) (unpublished) ("Because the OCCA addressed Mr. Newton's ineffective assistance of appellate counsel claim on the merits in affirming the denial of post-conviction relief, the district court applied the Antiterrorism and Effective Death Penalty Act ("AEDPA").)*

concludes that petitioner is not entitled to habeas relief. Accordingly, with the exceptions noted,[8] the court **ADOPTS** Magistrate Judge Bacharach's Report and Recommendation [Doc. #20] and **DENIES** the habeas petition.

    **IT IS SO ORDERED**.

    Dated this 25th day of May, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[8]*See supra notes 4 and 5.*